**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TAMMY LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. SA-19-CA-1082-FB** |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER FOR SCHEDULING RECOMMENDATIONS AND ADVISORY CONCERNING ASSIGNMENT OF MAGISTRATE JUDGE**

At the request of the Bar, the San Antonio District Judges have implemented a procedure whereby a Magistrate Judge is assigned to each civil case at the time it is filed. The assignments are made randomly and are evenly divided among the three San Antonio Magistrate Judges. If a pretrial matter is referred by the District Judge, it will be handled by the Magistrate Judge to whom the case was assigned. Similarly, if the parties consent to Magistrate Judge jurisdiction, the case will be placed on the docket of the assigned Magistrate Judge for all future proceedings, including entry of judgment. The Magistrate Judge assigned to this case is the Honorable Henry J. Bemporad.

In an effort to assist the parties in resolving this dispute as expeditiously and efficiently as possible, and in accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas,

IT IS HEREBY ORDERED that the parties shall submit a proposed scheduling order to the Court within sixty days of the date of this Order. The parties shall first confer as required by FED R. CIV. P. 26(f). The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "B" to the Local Rules. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served. **The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court.** The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being 90 days after the first defendant's appearance).

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being 90 days after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being 104 days after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being 120 days after the first defendant's appearance).

4. All parties asserting claims for relief shall file their designation of testifying experts and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of testifying experts and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being 30 days) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete discovery (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed (the standard period being 30 days after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

8. This case will not be set for trial until after dispositive motions, if any, have been ruled on. The Court will set a trial date and also set a deadline for the parties to file the matters required to be filed in advance of trial in accordance with Local Rule CV-16(e). However, the parties should be aware that if they choose to stay on this district court's docket (and do not consent to proceed to trial before a United States Magistrate Judge), from time to time the Court has three or four day blocks of time available and will not hesitate to accelerate the Scheduling Order deadlines and direct the parties to appear for trial with as little as forty-eight hours' notice.

9. All civil settings are subject to the Court's criminal docket.

10. All counsel are expected to abide by "Appendix A" attached hereto.

The parties shall submit the proposed order in a form similar to the attached.

It is so ORDERED.

SIGNED this 12th day of November, 2019.

FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ______________, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-__-CA-____-FB |
| | § | |
| _______________, | § | |
| | § | |
| Defendant. | § | |

SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by ________________.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by ________________, and each opposing party shall respond, in writing, by _________.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by ________________.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by ______________. Parties resisting claims for relief shall filed their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by ______________. All designations of rebuttal experts shall be designated within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within _____________ days of receipt of the written report of the expert's proposed testimony, or within __________ days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before ________________. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except

in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than ________________. Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to _________ pages in length.

8. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on ________________, and the parties have (*agreed/disagreed*) as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order ____________. Plaintiff offers the following explanation of why all parties have not been served ____________.

____________________________
(Signature)

____________________________
(Print or type name)

ATTORNEY FOR
____________________________
(Print or type name)

CERTIFICATE OF SERVICE

Appendix "A"

# The Rule
## For the Practice of Law

*Treat others (including lawyers, parties, witnesses and Court staff) as you would like to be treated.*

### *The Implementation of* The Rule

Our goal is the fair, peaceable and efficient resolution of disputes, and to seek the truth within the bounds of the rule of law.

There is a difference between advocacy for the sake of prolonging advocacy and serving the best interests of clients in bringing litigation to closure.

The law is only a part of life. It is easier to abide by The Rule if one occasionally breaks bread with one's adversary.

Abide by the Texas Lawyer's Creed.

### *The Penalties for not abiding by* The Rule

The loss of respect and goodwill from one's professional colleagues, thus making the practice of law much less enjoyable.

The writing of The Rule in multiples of fifty on a Big Chief tablet with a Number Two pencil.[1]

The donation of numerous pictures of George Washington to deserving charitable organizations.

Others within the discretion of the Court.

**Fred Biery**
United States District Judge

---

1 This penalty is reserved for those whose conduct is particularly childish.



**Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often a real loser–in fees, expenses, and waste of time. As a peacemaker the lawyer has a superior opportunity of being a good man. There will still be business enough.**

**Abraham Lincoln**